**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1058

LINDA L. ELLISON,

Plaintiff, Appellant,

v.

DAVID BROCK, CHIEF JUSTICE, NEW HAMPSHIRE SUPREME COURT,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

---

Before

Boudin, Chief Judge,

Selya and Lynch, Circuit Judges.

---

Linda L. Ellison on brief pro se.
Daniel J. Mullen, Associate Attorney General, on brief for appellee.

---

June 21, 2004

---

**Per Curiam**. The pro se plaintiff in this case asked the district court to order the defendant Chief Justice of the New Hampshire Supreme Court to vacate orders declining plaintiff's appeal to that court. As grounds for that relief, plaintiff alleged that one of the other state Supreme Court justices (Justice Broderick) who participated in the decision to decline her appeal formerly represented the defendant University of New Hampshire in other matters. Plaintiff also asked the district court to award damages against the Chief Justice because he allegedly "allowed" Justice Broderick to participate in the case.

The district court dismissed plaintiff's claims as barred by the Rooker-Feldman doctrine[1] and by absolute judicial immunity. Having reviewed de novo the district court's allowance of defendant's motion to dismiss, "keeping in mind that a complaint may be dismissed for failure to state a claim "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'" Pena-Borrero v. Estremeda 365 F.3d 7, 11 (1st Cir. 2004) (citations omitted), we affirm the dismissal on Rooker-Feldman grounds, without reaching the judicial immunity ground also relied on by the district court.

---

[1]Under that doctrine, articulated by the United States Supreme Court in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), federal district courts lack appellate jurisdiction to review state-court decisions.

After judgment, plaintiff moved for reconsideration of the dismissal. As grounds for that motion, in addition to arguing that the court had erred in granting the motion to dismiss, plaintiff claimed, for the first time, that the district court judge, Judge McAuliffe, was disqualified from deciding the case. In support of that claim, plaintiff alleged that Judge McAuliffe had served as a trustee of the University of New Hampshire at the time that the university decided to purchase the land that was the subject of plaintiff's state-court homestead claim. The district court denied that motion. We decline to vacate the district court's judgment because any error in declining to recuse was harmless.

<u>Motion to Dismiss</u>

As the district court stated, "[T]o the extent plaintiff seeks relief in the nature of a 'reversal' or 'vacation' of orders entered in her state litigation by the New Hampshire Supreme Court, [the district court was] without jurisdiction to consider her claim." <u>See</u> <u>Hill</u> v. <u>Town of Conway</u>, 193 F.3d 33, 40 (1st Cir. 1999) (finding <u>Rooker-Feldman</u> doctrine applicable where the relief sought "'would, if granted, effectively void the state court's judgment'" (citation omitted)). Here, the injunctive relief plaintiff sought from the district court–"to vacate all orders in regard to [plaintiff's appeal] and issue new orders with only qualified justices participating in the decision,"–"would, if granted,

-3-

effectively void the state court's judgment."  That relief is therefore clearly barred by Rooker-Feldman.

For the same reasons, plaintiff's claim for damages is also barred.  The premise of plaintiff's damage claim is that the New Hampshire Supreme Court was incorrect in denying plaintiff's various motions for relief from judgment based on the alleged disqualification of Justice Broderick.  Therefore, the district court "could not give the [plaintiff] the relief [she] seek[s] without in effect reviewing and reversing the [New Hampshire] court," Newman v. Indiana, 129 F.3d 937, 942 (7th Cir. 1997), which Rooker-Feldman forbids.  Id.; see also Wilson v. Shumway, 264 F.3d 120, 121, 126 (1st Cir. 2001) (affirming dismissal of damages claims under Rooker-Feldman).

## Motion for Reconsideration Based on Judge McAuliffe's Alleged Disqualification

In support of her recusal request, plaintiff alleged that: (1) in 1993, as a trustee of the University of New Hampshire, Steven McAuliffe "spoke very much in favor" of acquiring certain land known as Leawood Orchards "and encouraged the other trustee[s] to do so," and (2) Leawood Orchards is the property that was the subject of plaintiff's state-court homestead claim.  Some of these allegations are supported] by minutes of a Board of Trustees' meeting, which indicate that "Trustee McAuliffe asked for reconsideration of the proposal for UNH to acquire the Leawoods Orchards property" and that Trustee McAuliffe spoke in favor of

-4-

acquiring the property.  However, the record contains no evidence as to, among other things, whether plaintiff had claimed a homestead interest in that property at that time, whether Trustee McAuliffe was aware of any such interest when he spoke in favor of acquiring the property or at any time thereafter, or whether Judge McAuliffe was still a trustee at the time he presided over plaintiff's case.

We need not resolve this issue because, "[a]s in other areas of the law, there is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 862 (1987).  "Although § 455 defines the circumstances that mandate disqualification of federal judges, it neither prescribes nor prohibits any particular remedy for a violation of that duty."  Id.

Here, even if we were to assume, without deciding, that Judge McAuliffe should have recused himself, we would not vacate the district court's judgment now.  The purely legal questions that Judge McAuliffe decided here called for no exercise of discretion on his part and are subject to plenary review by this Court.  In re Sch. Asbestos Litig., 977 F.2d 764, 787 (3rd Cir. 1992) (characterizing failure to recuse as "harmless error when a court of appeals will later review a ruling on a plenary basis").  As

discussed above, our plenary review of Judge McAuliffe's denial of plaintiff's motion to dismiss revealed no error.

Under these circumstances, vacating the judgment and remanding this case for reconsideration by another district court judge would be unfair to the defendant and unduly burden the district court without any benefit. For those reasons, we decline to vacate the district court judgement based on plaintiff's recusal claim.

The grant of plaintiff's motion to dismiss and the denial of her motion for reconsideration are <u>affirmed</u>.